UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIE ROGERS,

        Plaintiff,

   v.                                                                              CAUSE NO. 3:25-CV-247 DRL-SJF

FLAGSTAR BANK FSB,

        Defendant.

OPINION AND ORDER

Willie Rogers filed a *pro se* complaint and a motion to proceed *in forma pauperis*, alleging a litany of claims against Flagstar Bank for failing to accept what he calls a "Bill of Exchange" as legal tender. He cites federal statutes and the Constitution, but his complaint does not meet federal pleading standards. *See* 28 U.S.C. § 1915(a)(1).

The court construes Mr. Roger's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, though *pro se* litigants are not held to the same standards as attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not exempt from the rules of civil procedure, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Mr. Roger's complaint does not comply with the Federal Rules of Civil Procedure.

The court must determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe his complaint liberally, *see Erickson*, 551 U.S. at 94, it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). The court will not grant the

*in forma pauperis* motion if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mr. Roger's complaint does not.

Mr. Rogers' complaint doesn't include many facts; but, from what the court can gather, he mailed a documented entitled "Bill of Exchange" seeking $50,000 to Flagstar Bank on March 6, 2025, and Flagstar Bank didn't process the document. On March 18, 2025, Mr. Rogers "formally protested" the fact that Flagstar Bank refused to process the document. He accuses Flagstar Bank of dishonoring a "valid Bill of Exchange" and he seeks recognition of his document as legal tender.[1]

Mr. Rogers first tries to bring a claim for wrongful dishonor citing Uniform Commercial Code § 3-505. UCC § 3-505 doesn't provide any right of action; instead, it simply allows certain documents as evidence of a dishonor. Mr. Rogers cannot bring a claim under a definitional statute. He also cites Indiana Code § 6-1-3.1-503(a), but that doesn't appear to refer to any current Indiana law, and Mr. Rogers doesn't provide enough facts for the court to determine what kind of claim he is trying to bring or what law he is referencing. In any event, these would be state claims for which he has not shown a basis or jurisdiction to proceed in federal court.

---

[1] Mr. Rogers previously filed a lawsuit anticipating that Flagstar would refuse to accept his "Bill of Exchange," and the court dismissed the case for lack of standing. *See Rogers v. Flagstar Bank FSB*, 3:25-CV-188-DRL-SJF.

Second, Mr. Rogers says Flagstar's "refusal to process a valid negotiable instrument violates federal mandates requiring acceptance at par value" [1 at 3]. He cites the Federal Reserve Act and Public Law 73-10. The Federal Reserve Act establishes federal reserve banks, outlines banking regulations nationwide, and provides for penalties if banks engage in misconduct. *See* 12 U.S.C. §§ 221 *et seq.* The statute allows for federal officials to enforce the law, but nothing Mr. Rogers points to provides him a private right of action. *See Slaughter v. United States Cellular*, 2023 U.S. Dist. LEXIS 230723, 8 (E.D. Wis. Dec. 29, 2023) (addressing a similar claim and finding no private right of action). Public Law 73-10, passed in 1933, dealt with suspending the gold standard in the United States. *See* Pub. L. No. 73-10, 48 Stat. 112-13 (1933); *see also Stokes v. Credit One Bank, N.A.*, 2019 U.S. Dist. LEXIS 102640, 9 (M.D. Ala. June 18, 2019). Nothing in Mr. Rogers' complaint implicates that law. *See Stokes*, 2019 U.S. Dist. LEXIS 102640, 12 (noting that courts have "widely rejected arguments seeking relief pursuant to theories based on Public Law 73-10").

Third, Mr. Rogers alleges constitutional violations under the Fifth, Seventh, and Fourteenth Amendments, citing the Takings Clause, Due Process Clause, and a denial of his right to a jury trial. To bring these claims in federal court, Mr. Rogers would have to proceed under 42 U.S.C. § 1983. That statute permits plaintiffs to bring constitutional claims against state actors or those who conspire with a state actor to deprive someone of his constitutional rights. *Alarm Detection Sys. v. Vill. of Schaumburg*, 930 F.3d 812, 825 (7th Cir. 2019). Private actors, like Flagstar Bank, cannot be sued under § 1983. *Id.* Mr. Rogers cannot bring constitutional claims against a private party because he hasn't alleged any state action.

Fourth, Mr. Rogers claims that the refusal to recognize his bill of exchange violated treasury regulations and the "common law right of offset" [1 at 3]. He specifically cites Treasury

3

IRM 21.1.7.9.22. The court has been unable to locate that provision, nor has it found any law, even construing his pleadings liberally, that he alleges Flagstar violated. Mr. Rogers also references the common law right of offset, which allows a creditor "to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." *United States v. Munsey Tr. Co.*, 332 U.S. 234, 239 (1947). Mr. Rogers doesn't provide enough facts to begin to make sense of this claim. He simply provided a handwritten note to a bank and seems to have expected to receive $50,000 in return. Nothing in the law or treasury regulations gives him that right.

Given that he is proceeding *pro se*, the court will give Mr. Rogers an opportunity to file an amended complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). He must establish that his case falls within the limited jurisdiction of this court and provide as many facts as to what has transpired, such as: the harm, who caused the harm, how they caused the harm, when they caused the harm, and the like. There must be sufficient facts pleaded to allow the court and the defendant to understand there is a plausible claim.

The court also cautions Mr. Rogers that this circuit referred to a similar claim for refusal to recognize a bill of exchange as "frivolous." *McGee v. Nissan Motor Acceptance Corp.*, 619 F. Appx. 555, 556 (7th Cir. 2015). Presenting frivolous claims to a federal court can result in sanctions, including monetary penalties and filing restrictions.

Accordingly, the court DENIES Mr. Rogers' motion to proceed *in forma pauperis* without prejudice [2], AFFORDS him leave to amend his complaint to become compliant with the federal rules and refile a motion to proceed *in forma pauperis* by July 17, 2025, and CAUTIONS him that failure to comply with this deadline, plead federal jurisdiction, pay the filing fee or file for *in forma*

4

*pauperis* status, or file a rule-compliant complaint will result in the dismissal of his case without further notice because his current complaint doesn't state a claim.

SO ORDERED.

July 3, 2025                                                *s/ Damon R. Leichty*
                                                             Judge, United States District Court